Order and judgment (one paper), Supreme Court, New York *569 County (Manuel J. Mendez, J.), entered May 16, 2012, which, inter alia, granted the insurer defendants’ motion and cross motion for summary judgment and declared that Tower Insurance was not required to defend and indemnify plaintiffs in an underlying personal injury action, unanimously modified, on the law, to declare that Utica Insurance was also not required to defend and indemnify plaintiffs, and otherwise affirmed, without costs. Judgment, same court and Justice, entered June 11, 2012, awarding the insurers the principal sum of $200,000 each in recoupment of amounts they had contributed toward the settlement of the personal injury action, unanimously affirmed, without costs.
The plaintiff in the underlying personal injury action alleges that he was injured while working for SPN, a pizzeria located in plaintiffs’ premises, when he borrowed the elevator key from neighboring tenant Perfume Valley and fell down the shaft upon attempting to enter the elevator cab that was not there. Both tenants had elevator keys and both, albeit to different degrees, used the basement area where plaintiff was injured.
The landlord/plaintiffs in this declaratory judgment action were not an additional insured under its tenants’ policies. Although the leases required that such coverage be procured, there was none under tenant Perfume Valley’s Tower Insurance policy because the alleged injury did not arise from that insured’s operations (see Admiral Ins. Co. v American Empire Surplus Lines Ins. Co., 96 AD3d 585, 587-590 [1st Dept 2012]). The timeliness of Tower’s disclaimer is irrelevant, because there was no duty to disclaim in the absence of coverage (see Zappone v Home Ins. Co., 55 NY2d 131, 134 [1982]). Nor was the landlord an additional insured under SPN’s Utica Insurance policy, which did not contain an additional insured endorsement; the lease obligation to obtain such coverage and an exception to a coverage exclusion did not create additional insured coverage.
We have considered plaintiffs’ remaining contentions and find them unavailing. Concur — Mazzarelli, J.P., Renwick, ManzanetDaniels, Gische and Clark, JJ.